## THE PROVIDENCE.

(District Court, S. D. New York. February 19, 1909.)

SHIPPING (§ 81*)—STEAMERS—INJURY BY SWELLS—LIABILITY.

   A claim against the steamer Providence for damages said to have been caused to a schooner by her swells, in the channel between Blackwells Island and Manhattan, dismissed, because (1) it did not clearly appear that this steamer created the swells, and, (2) if she did, they were not more than ordinary under reduced speed, and there was no negligence on her part.

   [Ed. Note.—For other cases, see Shipping, Cent. Dig. § 345; Dec. Dig. § 81.*

   Liability of vessel for injuries caused by creation of swell, see note to The Asbury Park, 78 C. C. A. 3.]

(Syllabus by the Judge.)

Collin, Wells & Hughes, and William H. Parke, for libellants.

William Greenough, George Whitefield Betts, Jr., and Francis H. Kinnicutt, for claimant.

ADAMS, District Judge. These actions were brought by the Perth Amboy Fire Brick Company, the owner of certain fire brick loaded upon the schooner Deborah T. Hill, and Otto F. Gehlhaus, the owner of said schooner, to recover the damages alleged to have been suffered by them, respectively $502.33 and $2000, through the loss of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

their property on March 31, 1908, about 6 o'clock P. M., by reason of swells caused by the Providence, when passing the schooner in the westerly channel of the East River between Blackwells Island and Manhattan. The tide was flood.

The first libel alleges that the schooner was bound under sail from the Fire Brick Company's dock near Perth Amboy, New Jersey, to points on the East River at and above 115th Street, and was proceeding northerly through the said channel; that when she was two or three blocks north of Blackwells Island Bridge, the Providence, on its way to Long Island Sound, passed the schooner on her starboard side at a distance of about 100 feet, at so high a rate of speed that the swells from the Providence turned the schooner in such a manner that it was impossible to control her and caused her to come into collision with a scow which was anchored off the foot of East 67th Street, and to pound the schooner against the scow in such a manner that her side was smashed in, she capsized and dumped her cargo, causing a total loss thereof.

The libel of the owner of the schooner was substantially the same as to the allegations of the movements of the vessels, and alleged a total loss of the schooner.

The answers on behalf of the steamer were general denials.

The libellants' testimony shows that while the schooner was sailing in the said channel, the Providence overtook and passed her to starboard, a short distance north of the Blackwells Island Bridge, near 62nd or 63rd Street, at a distance of about 100 feet, and caused swells of between 3 and 4 feet in height, which had the effect of throwing her head about and causing the booms to swing back and forth across her deck. The schooner at the time was on her port tack, heading for Blackwells Island, but the swells caused her crew to lose control of her navigation and she was forced against a barge anchored about 50 feet from the bulkhead line at 67th Street on the Manhattan side. A hole was stove in her port side and she immediately filled and capsized, going over on her starboard side. This version of the accident was given by her master and mate, who said that the steamer was the Providence.

The substance of the testimony for the defence is that the accident happened at from 5.30 to 5.40 o'clock P. M., and the Providence did not pass this point on the night in question until several minutes after 6 o'clock, and further that even if she did pass at the time and within the distance claimed by the libellants and the accident happened, the swells of the Providence were not the proximate cause of the libellants' loss.

It appears by the log of the Providence that she left her pier in the North River at 5.32 P. M. and passed Hell Gate at 6.13. There would be but a few minutes difference between Hell Gate and the point in the channel where this occurrence is said to have taken place. The times mentioned in the log are corroborated by the testimony of several witnesses, and if it is true that the accident happened to the schooner some time before six o'clock, then evidently the Providence could not have been the cause of it. The only testimony that she was, came from the two men on the schooner. Their statements did not

amount to more than estimates of the time of the occurrence, were somewhat vague in other respects, and as they were greatly interested in the result of the action, their evidence is not very reliable.

The steamer's testimony is to the effect that the schooner was first observed when her wreck was seen a mile and a quarter ahead, the Providence having then reached the vicinity of the bridge, and that the wreck was passed about 10 minutes after 6 o'clock in the vicinity of Horn's Hook, 89th Street. The crew of the steamer testified to this effect, and it is corroborated by the statements of some disinterested witnesses. If this testimony is true, and there does not seem to be any reason for doubting it, it seems clear that the schooner was not injured by swells from the Providence.

Assuming, however, that the swells were from that steamer, and that they did have some effect upon the schooner, the question remains whether there was any negligence on the steamer's part in creating them. In passing Blackwells Island Bridge, she was going under one bell and at a speed not to exceed 9 knots through the water. Her officers had no reason to expect that such a speed would prove detrimental to any vessel. The swells were not above 2 or 2½ feet in height and there was no ground for believing that they would prove injurious to other vessels.

This accident can be more reasonably accounted for by a failure of the wind, leaving the schooner helpless and subject to a swift tide setting her on the Manhattan shore, than by swells from the Providence.

Considering all the circumstances of the case, I have come to the conclusion that no cause of action exists against the Providence.

The libels are dismissed.